UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN PATE and LYNDA JUNE PATE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-3481-B |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

The subject of this Memorandum Order and Opinion is Plaintiffs' First Amended Complaint

(doc. 41), which the Court gave Plaintiffs leave to file after dismissing their Original Petition for

failing to state a claim upon which relief could be granted. *See* doc. 38, Order of Dismissal 11. The

question for the Court is whether Plaintiffs' Amended Complaint contains sufficient new allegations

of fact to overcome the deficiencies detailed in the Court's Order of Dismissal. For the reasons stated

below, the Court holds that it does. Accordingly, the parties are **ORDERED** to submit to the Court

a proposed revised scheduling order **no later than Tuesday, December 2, 2014.**

## I.

## BACKGROUND

This case arises out of the foreclosure of Plaintiffs Stephen and Lynda June Pate's property

(the "Property") and subsequent eviction from it. According to Plaintiffs, Bank of America ("BOA"),

their former mortgagee, made inconsistent statements regarding modifications to their home loan

and wrongfully foreclosed on the Property. Doc. 41, Am. Complaint ¶¶ 10–14. Thereafter,

- 1 -

Defendant Federal National Mortgage Association ("Fannie Mae") purchased the Property from BOA at the foreclosure sale, initiated a forcible detainer action, and evicted Plaintiffs from the Property. *Id.* ¶¶ 15, 22. These claims initially gave rise to an action against BOA in this Court that was settled last year. Plaintiffs then filed suit against Fannie Mae in state court, seeking additional damages for Fannie Mae's alleged role in the foreclosure and subsequent eviction of the Plaintiffs. Doc. 5-1, Orig. Pet. Fannie Mae removed this suit to federal court on August 29, 2013. Doc. 1, Notice of Removal.

In their Original Petition, Plaintiffs alleged that subsequent to their eviction, they alerted Fannie Mae that the foreclosure was void because of BOA's misconduct, that Fannie Mae represented that it could overrule any action by BOA, that its goal was for no foreclosures to occur, and that it would check into Plaintiffs' account and contact them. Doc. 5-1, Orig. Pet. ¶ 16. Based on these alleged facts, Plaintiffs asserted causes of action against Fannie Mae for (1) wrongful eviction, (2) negligence, (3) economic coercion and duress, and (4) violations of Plaintiffs' due process rights, though they subsequently dropped their due process claims. *Id.* ¶¶ 19–30.

On September 6, 2013, Fannie Mae filed a Motion to Dismiss Plaintiffs' complaint, which the Court granted on April 3, 2014, having determined that the Plaintiffs' Original Petition failed to state a claim upon which relief could be granted. Docs. 5, Mot. to Dismiss; 38, Order of Dismissal. However, because this was the Court's first review of Plaintiffs' claims, the Court gave Plaintiffs the opportunity to replead their claims so as to overcome the grounds for dismissal stated in the Court's order. Doc. 38.

In accordance with the Court's instructions, Plaintiffs' filed their First Amended Complaint on May 2, 2014, along with a ten-page synopsis explaining how Plaintiffs' amendments address and

overcome the deficiencies detailed in the Court's Order of Dismissal. Docs. 41, Am. Complaint; 41-1, Synopsis. On May 16, 2014, Fannie Mae filed a response in opposition to Plaintiffs' Amended Complaint in which it argues that despite new factual allegations, Plaintiffs' Amended Complaint fails to overcome the deficiencies detailed in the Court's Order of Dismissal. Doc. 42, Def.'s Resp. Br. 1–2. As such, Plaintiffs' First Amended Complaint is ripe for review.

## II.

## LEGAL STANDARD

The Court reviews Plaintiffs' First Amended Complaint under the same Rule 12(b)(6) standard that it reviewed Plaintiffs' Original Petition to determine whether Plaintiffs have pleaded sufficient additional facts to overcome the deficiencies outlined in the Court's Order of Dismissal.

## III.

## ANALYSIS

In their Amended Complaint, Plaintiffs assert claims against Fannie Mae for negligence and gross negligence. The question is whether Plaintiffs have pleaded sufficient allegations in their Amended Complaint to overcome the Court's grounds for dismissing these claims in its Order of Dismissal. The Court addresses each of Plaintiffs' claims in turn.

A.      *Plaintiffs' Negligence Claim*

In its order dismissing Plaintiffs' Original Petition for failing to state a claim, this Court found that Plaintiffs failed to state a claim for negligence against Fannie Mae because the circumstances alleged in Plaintiffs' Petition were insufficient to show that Fannie Mae owed Plaintiffs a duty. Doc. 38, Order of Dismissal 10–11. In particular, the Court (a) rejected Plaintiffs' argument that Fannie Mae owed them a duty of reasonable care as a lender nor mortgage servicer, because Fannie Mae was

neither a lender or mortgage servicer to the Plaintiffs; (b) refused to impose a duty on Fannie Mae to thoroughly investigate Plaintiffs' wrongful foreclosure claims, because under the circumstances alleged in Plaintiffs' Original Petition, the burden on Fannie Mae and future purchasers of foreclosed properties of having to investigate every claim of wrongful foreclosure outweighed the risk and foreseeability of harm to the Plaintiffs; and (c) rejected Plaintiffs' claim that Fannie Mae owed them a duty to correct its own prior false or misleading statements, because Plaintiffs admitted that Fannie Mae's representations to them were not false, and even if they were, the representations were not actionable. *Id.* at 8–10.

In their Amended Complaint, Plaintiffs press three new or revised grounds for finding that Fannie Mae owed them a duty. First, Plaintiffs claim that "[a]s Plaintiffs' landlord, Fannie Mae owed Plaintiffs a duty not to act unreasonably in evicting Plaintiffs from the Subject Property." Doc. 41, Am. Complaint ¶ 27. Second, Plaintiffs maintain that because Fannie Mae acted "in close privity and knowing participation with BOA," Fannie Mae owed Plaintiffs the same duty that BOA owed Plaintiffs. Docs. 41, Am. Complaint ¶ 28; 41-1, Synopsis 5. Third, Plaintiffs argue that because Fannie Mae was on notice that BOA mishandled Plaintiffs' foreclosure, it had a duty to exercise reasonable care before evicting Plaintiffs. Docs. 41, Am. Complaint ¶ 29; 41-1, Synopsis 6–8. As explained below, only the third of these theories provides a viable ground on which the Court may impose a duty of care on Fannie Mae.

Both Plaintiffs' first and second grounds for finding that Fannie Mae owed them a duty are nothing more than attempts to convince the Court to impose an ad hoc legal duty on Fannie Mae where no such duty exists. Both require the Court to find that merely because Fannie Mae may have had a contractual relationship with Plaintiffs—either as their landlord or as BOA's successor-in-

interest—it owed them a duty of care. It is well-settled under Texas law, however, that "there is no legal tort duty between parties to a contract unless a special relationship exists in the law." *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998) (citing *Doe v. SmithKline Beecham Corp.*, 855 S.W.2d 248, 257–58 (Tex. App.—Austin 1993), *overruled on other grounds*, 903 S.W.2d 347 (Tex. 1995). As such, both Plaintiffs' first two grounds are insufficient to support a finding that Fannie Mae owed them a duty of care.

Plaintiffs' third theory, however, is more subtle and requires the Court to determine whether under the peculiar circumstances of Plaintiffs' case, "the risk, foreseeability, and likelihood" that Fannie Mae's conduct would cause injury to Plaintiffs outweighed "the social utility of [Fannie Mae's] conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on [Fannie Mae]." *Hurd v. BAC Home Loan Servicing, LP*, 880 F. Supp. 2d 747, 763 (N.D. Tex. 2011). Although the Court previously found that the circumstances of Plaintiffs' case did not warrant imposing a duty on Fannie Mae to investigate Plaintiffs' claim that BOA wrongfully foreclosed on Plaintiffs' home,[1] Plaintiffs argue that their Amended Complaint adds allegations that sufficiently clarify the risk and foreseeability of injury as to tip the balance in favor of imposing a duty

---

[1]In its Order of Dismissal, the Court found that the circumstances of Plaintiffs' case did not warrant imposing a duty on Fannie Mae to investigate Plaintiffs' claim that BOA wrongfully foreclosed on Plaintiffs' home. Doc. 38, Order of Dismissal 9. Specifically, the Court found that Plaintiffs failed to "allege facts to show that Fannie Mae had in-depth knowledge of the foreclosure, that it was aware that Plaintiffs would likely succeed on their wrongful foreclosure claims, or that it had some control over BOA's actions. Rather, the Petition merely states that Plaintiffs repeatedly 'attempted to alert Fannie Mae to the fact that the foreclosure sale was void based on BOA's improper conduct' and that Fannie Mae 'responded that any decision to foreclose would have been made by BOA.'" *Id.* Furthermore, the Court concluded that "[e]ven if there was some negligible risk of injury under these circumstances," such risk was outweighed by the burden on Fannie Mae and other purchasers of having to investigate every claim of wrongful foreclosure," an outcome the Court noted was "at odds with the purpose of forcible detainer actions, which is to provide a speedy, simple, and inexpensive way to gain immediate possession of property." *Id.* at 10.

of care on Fannie Mae. Doc. 41-1, Synopsis 6. These include allegations that: (1) the same law firm that prepared the foreclosure documents for BOA oversaw the foreclosure sale between BOA and Fannie Mae and represented Fannie Mae in its eviction proceeding against Plaintiffs; (2) Fannie Mae gave BOA guidelines to follow in handling foreclosures; (3) Fannie Mae could overrule BOA's foreclosure decision if BOA failed to follow the guidelines; (4) Plaintiffs called Fannie Mae multiple times to inform it of defects in BOA's handling of Plaintiffs' home foreclosure[2]; (5) a Fannie Mae representative indicated to Plaintiffs that she would "escalate" Plaintiffs' matter to "level 2" and that Plaintiffs would receive a response from "level 2;" and (6) that on another occasion, a Fannie Mae representative told Plaintiffs that their inquiry was open and waiting for a response and that she, the representative, had marked the matter as urgent. Doc. 41, Am. Complaint ¶¶ 16, 19–21. Based on these circumstances, Plaintiffs maintain that Fannie Mae knew or should have known that there were defects in BOA's handling of the foreclosure, which if not addressed, would result in Plaintiffs being wrongfully evicted from their home. Doc. 41-1, Synopsis 6.

The Court agrees with Plaintiffs. Based on the allegations in Plaintiffs' Amended Complaint, the Court can reasonably infer that Fannie Mae knew or should have known that there were problems with BOA's handling of Plaintiffs' foreclosure, and as a result of this knowledge, could have foreseen that were it not to investigate and address BOA's alleged mishandling of the foreclosure, Plaintiffs would be wrongfully evicted from their home.[3] Moreover, given the peculiar circumstances

---

[2] Specifically, Plaintiffs allege that BOA foreclosed on Plaintiffs' home despite previously agreeing to modify Plaintiffs' home loan and postpone the foreclosure. Doc. 41, Am. Complaint ¶¶ 10, 12–13.

[3] In its objections to Plaintiffs' Amended Complaint, Fannie Mae argues that Fannie Mae's failure to investigate Plaintiffs' wrongful foreclosure claim could not have proximately caused Plaintiffs' damages, because even if Fannie Mae had investigated Plaintiffs' claim, it would merely have discovered that BOA's foreclosure was not "wrongful." Doc. 42, Def.'s Objections ¶¶ 11–12. This is because in order for a

of Plaintiffs' case, the Court is comfortable that the risk of injury to Plaintiffs outweighed the burden to Fannie Mae of having to investigate Plaintiffs' claims and the social utility of Fannie Mae's efforts at obtaining immediate possession of the Property through a forcible detainer action.[4] Thus, the Court concludes that Plaintiffs have pleaded sufficient facts from which the Court can infer that Fannie Mae owed Plaintiffs a duty to investigate and, if appropriate, take measures to address BOA's alleged mishandling of Plaintiffs' foreclosure.

B.      *Plaintiffs' Gross Negligence Claim*

In addition to a negligence claim, Plaintiffs' Amended Complaint asserts a cause of action against Fannie Mae for gross negligence. Plaintiffs argue that "[i]n addition to breaching its ordinary duty of care to Plaintiffs, Fannie Mae was grossly negligent in that it was objectively aware that its actions carried an extreme degree of risk that Plaintiffs would lose their home and their equity; [and] with subjective awareness of [this] risk . . . proceeded with conscious indifference." Doc. 41-1, Synopsis 8. Fannie Mae argues that the Court should decline to consider Plaintiffs' gross negligence claim because Plaintiffs did not plead such a claim in their Original Petition and Plaintiffs have not sought or obtained leave to file such a claim. Doc. 42, Def.'s Objection ¶ 7.

---

foreclosure to be "wrongful" under the Texas Property Code, the foreclosure sale price of the property must be less than 50% of the property's actual value and in this case, Fannie Mae purchased Plaintiffs' home for more than 50% of its actual value. *See Heflin v. Select Portfolio Servicing, Inc.*, No. 3:12-CV-4756-P, 2013 WL 4532666, at *2 (N.D. Tex. Aug. 1, 2013); Doc. 38, Order of Dismissal 6. The Court need not address the merit of Fannie Mae's argument at this time, however, because in order to overcome the deficiencies outlined in the Court's Order of Dismissal, Plaintiffs need only establish that Fannie Mae owed them a duty.

[4]Presumably, it would have taken minimum time and resources for Fannie Mae to have confirmed or disconfirmed the accuracy of Plaintiffs' allegations that BOA foreclosed on their property despite having previously agreed to modify Plaintiffs' home loan and postpone foreclosure. Furthermore, and as such, any delay in obtaining possession of the Property would likely have been minimal.

The Court agrees with Fannie Mae. In its order dismissing Plaintiffs' Original Petition, the Court gave Plaintiffs limited leave to replead the claims asserted in their Original Petition; it did not give Plaintiffs leave to file new claims. Doc. 38, Order of Dismissal 11. Because Plaintiffs have not separately sought or obtained such leave, their gross negligence claim is hereby **DISMISSED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court finds that with regards to their negligence claim, Plaintiffs have pleaded sufficient new allegations of fact to overcome the deficiencies identified in the Court's Order of Dismissal. However, because the Court did not grant Plaintiffs leave to add any new claims, Plaintiffs' gross negligence claim is **DISMISSED**. To move this matter toward a resolution, the parties are **ORDERED** to submit to the court a proposed, revised scheduling order **no later than Tuesday, December 2, 2014.**

SO ORDERED.

SIGNED: November 12, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE