UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN PATE and LYNDA JUNE PATE, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 3:13-CV-3481-B |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | | |
| Defendant. | | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Bank of America N.A.'s ("BOA") Motion to Intervene, filed March 26, 2014. Doc. 32. Pursuant to Federal Rule of Civil Procedure 24(a), BOA seeks to intervene in this matter as a matter of right in order to prevent Plaintiffs from breaching the terms of a non-disparagement clause to which BOA and Plaintiffs previously agreed. For the reasons that follow, BOA's Motion is **DENIED**.

## I.

## BACKGROUND

Plaintiffs in this matter are Stephen and Lynda June Pate, former homeowners whose property (the "Property") was foreclosed upon by BOA, the prospective intervener. Doc. 41, Am. Complaint ¶¶ 6, 14. Defendant is the Federal National Mortgage Association ("Fannie Mae"), the purchaser of the Property at the foreclosure sale. *Id.* at ¶15. Plaintiffs are suing Fannie Mae for negligently failing to investigate and address defects in BOA's handling of the foreclosure. *Id.* at ¶ 29.

Prior to filing suit against Fannie Mae, Plaintiffs brought an action against BOA, which was

dismissed with prejudice pursuant to a joint stipulation of dismissal. Joint Stipulation of Dismissal, Pate v. Bank of America Corp., No. 3:12-CV-4331-B (N.D. Tex. Jun. 24, 2013). According to BOA, Plaintiffs also agreed to a settlement agreement that included a non-disparagement clause, which Plaintiffs have breached and may continue to breach through their activity in the present matter. Doc. 32, Mot. to Intervene 2–3. BOA seeks to intervene to prevent them from doing so.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 24(a), which governs interventions of right, provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). As a general matter, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Thus, a party is entitled to intervene as a matter of right if

> (1) the motion to intervene is timely filed; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).

## III.

## ANALYSIS

In its Motion to Intervene, Bank of America argues that it is entitled to intervene as a matter of right in the present matter, because its motion is timely; it has a direct, substantial and legally protectable interest in preventing Plaintiffs from breaching the non-disparagement clause of their settlement agreement; there is a substantial risk that if it is not allowed to intervene, Plaintiffs may continue to breach the agreement through pleadings, testimony, or other disparaging activity; and Fannie Mae does not adequately represent its interest because it was not a party to the agreement. Doc. 32, Mot. to Intervene 2–3. In response, Plaintiffs argue that BOA has no direct, substantial and legally protectable interest in the case, nor will the Court's disposition of the case impair or impede BOA's ability to enforce the non-disparagement clause against Plaintiffs. Doc. 39, Pls.' Resp. Br. 3. For the reasons stated below, the Court agrees with the Plaintiffs.

First, BOA does not have a "direct, substantial, legally protectable" interest in the property or transaction that forms the basis of the controversy in the present suit between Plaintiffs and Fannie Mae. *Glickman*, 256 F.3d at 279. BOA asserts an interest in preventing Plaintiffs from breaching a non-disparagement clause that was included in a settlement agreement that BOA and Plaintiffs reached in a prior lawsuit. By contrast, the transaction that forms the basis of the present litigation between Plaintiffs and Fannie Mae is Fannie Mae's efforts, or lack thereof, to investigate and take measures to remedy defects in BOA's foreclosure process. Although the Court recognizes the potential for Plaintiffs to reveal information in the present litigation that may violate the terms of the non-disparagement clause, the Court concludes that this risk is not sufficient to give Fannie Mae a "direct, substantial and legally protectable" interest in the controversy between Plaintiffs and Fannie Mae, which is otherwise both factually and legally unrelated to any breach of contract claims that BOA may have against Plaintiffs for violating the settlement agreement.

Second, and as such, the disposition of the present suit will in no way impair or impede BOA's ability to protect its interest in seeing the non-disparagement clause enforced. Regardless of who prevails between Plaintiffs and Fannie Mae, BOA may bring an action against Plaintiffs for any breaches of the clause that they may commit during the course of this litigation. *Cf. id.* at 380 (finding the intervener's interest impaired because the court's judgment could collaterally estop the intervener from re-litigating its case in another court).

Thus, BOA has failed to establish that it is entitled to intervene in the present suit as a matter of right.

### IV.

### CONCLUSION

For the foregoing reasons, BOA's Motion to Intervene is **DENIED**.

**SO ORDERED.**

SIGNED: December 9, 2014.

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**